STATE OF CONNECTICUT *v.* RICHARD GODEK

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued October 8—decision released November 25, 1980

354

*Hubert J. Santos,* for the appellant (defendant).

*Brian S. Mead,* special assistant state's attorney, with whom was *Donald B. Caldwell,* state's attorney, for the appellee (state).

ARTHUR H. HEALEY, J. The trial court found the defendant guilty of the crime of unlawful restraint in the first degree, in violation of General Statutes § 53a-95,[1] after accepting his plea of nolo contendere to that charge. On this appeal the defendant urges this court to vacate the plea of nolo contendere and to remand the matter for further proceedings. Essentially, he contends that the trial court erred in accepting his nolo plea because it was not voluntarily and/or intelligently entered in that (1) the court failed to advise him of his right to be tried by a judge at the time he withdrew his prior election of a trial by jury and (2) there was an inadequate factual basis for his plea.

---

[1] General Statutes § 53a-95 provides: "UNLAWFUL RESTRAINT IN THE FIRST DEGREE: CLASS D FELONY. (a) A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose the latter to a substantial risk of physical injury. (b) Unlawful restraint in the first degree is a Class D felony."

The defendant was initially charged in a two count information filed on January 26, 1978. The first count charged the crime of unlawful restraint in the first degree in violation of General Statutes § 53a-97, and the second count charged the crime of assault in the third degree in violation of General Statutes § 53a-61 (a) (2). On April 18, 1978, while represented by counsel, the defendant pleaded not guilty to each count and elected a trial by jury on each count.[2] On July 8, 1978, the state filed a substitute information charging the same crimes.[3] On December 12, 1978, the defendant filed a written plea of nolo contendere to the unlawful restraint charge, which the court accepted after carefully and exhaustively questioning the defendant.

The defendant raised neither of his claims in the court below. Ordinarily, claims not raised in the trial court will not be considered by this court.

[2] At that time the proceedings included the following colloquy:
". . . The clerk: To the first count of the information charging you with unlawful restraint in the first degree, what is your plea? Guilty or not guilty?
The defendant: Not guilty.
The clerk: Do you wish to be tried by the court or jury?
The defendant: By a jury.
The clerk: To the second count of the information charging you with assault third degree, what is your plea? Guilty or not guilty?
The defendant: Not guilty.
The clerk: Do you wish to be tried by the court or jury?
The defendant: Jury. . . ."
[3] The only difference between the original information and the substitute information is that as to the count charging the crime of assault in the third degree the original information charged that the defendant "recklessly" caused serious physical injury to another while the substitute information charged that he did "with intent" cause serious physical injury to another. This difference is of no significance on this appeal because the assault count was nolled by the state pursuant to an understanding between the state and defense counsel on December 12, 1978, when the court accepted the nolo plea to the first count.

*State* v. *Zeko,* 176 Conn. 421, 426, 407 A.2d 1022 (1979); see *State* v. *Evans,* 165 Conn. 61, 65, 327 A.2d 576 (1973). Because, however, both of his claims, which essentially allege that the defendant's plea of nolo contendere was not voluntary and intelligent, raise issues of constitutional dimension, we find that they come within one of the exceptions in *State* v. *Evans.* We refer to that situation delineated in *Evans* which allows review where the record, as here, is sufficiently complete for us to consider the claims on the merits and the claims involve a fundamental constitutional right. See *State* v. *Evans,* supra, 70; see also *State* v. *Vasquez,* 182 Conn. 242, 245–46, 438 A.2d 424 (1980); *State* v. *Arroyo,* 180 Conn. 171, 429 A.2d 457 (1980); *State* v. *Chesney,* 166 Conn. 630, 639, 353 A.2d 783, cert. denied, 419 U.S. 1004, 95 S. Ct. 324, 42 L. Ed. 2d 280 (1974).

We take up first the defendant's claim that the plea must be vacated because the court failed to advise him of his right to a trial by a judge, as required by Practice Book, 1963, § 2122 (now Practice Book, 1978, § 711),[4] at the time he withdrew his earlier election for a jury trial. He argues that because of this failure the plea was not voluntarily and/or intelligently made and thus, his due process rights were violated.

"In order for a plea of guilty to be constitutionally valid, the record must affirmatively disclose that the defendant entered the plea voluntarily and intelligently. *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 [1969]; *Blue* v. *Robin-*

---

[4] Since the defendant was arrested on December 1, 1977, the 1963 Practice Book rules control. See Practice Book, 1978, § 1022 and Practice Book, 1963, § 2433. The substance of all of the sections relevant to this opinion, however, has not changed.

*son,* 173 Conn. 360, 373, 377 A.2d 1108 [1977]; *Consiglio* v. *Warden,* 160 Conn. 151, 162, 276 A.2d 773 [1970]." *State* v. *Marra,* 174 Conn. 338, 340, 387 A.2d 550 (1978); see *State* v. *Collins,* 176 Conn. 7, 9, 404 A.2d 871 (1978). " '[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.' " *State* v. *Battle,* 170 Conn. 469, 473, 365 A.2d 1100 (1976); see *State* v. *Marra,* supra. To ensure that a defendant's guilty or nolo contendere plea has been so made, § 2122 (now § 711) of our Practice Book requires that: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands: (1) The nature of the charge to which the plea is offered; (2) The mandatory minimum sentence, if any; (3) The fact that the statute for the particular offense does not permit the sentence to be suspended; (4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and (5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

The nolo proceedings in the present case indicate that although the court complied with every other facet of the rule, it failed specifically to question the defendant with regard to one aspect of sub-

section (5): the right to trial by a judge. Urging us to adopt a per se rule for any violation of § 2122, the defendant contends that this failure requires the plea to be vacated.

In urging that we follow a per se rule for a violation of § 2122 of our rules, the defendant refers us to the adoption of such a rule by the United States Court of Appeals for the Second Circuit for a violation of the federal counterpart of § 2122: rule 11 of the Federal Rules of Criminal Procedure.[5] In *United States* v. *Journet,* 544 F.2d 633 (2d Cir. 1976), that court was presented with the question whether a guilty plea must be invalidated where the district court judge advised the defendant of most of the constitutional rights referred to in rule 11 (c) but failed explicitly to inform him of certain other constitutional rights and matters provided in that rule. *United States* v. *Journet,* supra, 636. The

---

[5] Rule 11(c) provides: "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and (2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and (3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and (4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and (5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement." Fed. R. Crim. Proc., rule 11.

*Journet* court held that "unless the defendant is specifically informed of each and every element enumerated in Rule 11 the plea must be vacated." *United States* v. *Journet, supra,* 634. In *Journet,* the trial judge did not advise the defendant that the maximum possible penalty included possible lifetime parole, that at a trial Journet would enjoy the privilege against self-incrimination, that he had a right to counsel at trial, that if his guilty plea were accepted no further trial of any kind would be held, and that if he decided to plead guilty, the court would have the right to ask him questions under oath in which event, if he gave untrue answers, his statements could be used against him in a prosecution for perjury. *United States* v. *Journet, supra,* 636-37; see *United States* v. *Saft,* 558 F.2d 1073, 1080-81 (2d Cir. 1977).

We have had occasion to note that where a Practice Book rule "is practically identical" with a like federal rule of civil procedure, cases construing and applying the latter "are of persuasive, even though not controlling, authority." See *Masterson* v. *Atherton,* 149 Conn. 302, 316, 179 A.2d 592 (1962). A comparison of rule 11 and Practice Book, 1963, § 2122 discloses that, while they are similar, they are not "practically identical" either in language or provision. No claim is made, nor could it be, that we are required to follow the cases construing rule 11, a rule binding only in the federal courts. Although we do not approve of any failure to comply with the explicitly stated requirements of § 2122, or General Statutes § 54-82,[6] which allows a criminal

---

[6] General Statutes § 54-82 provides in part: "In any criminal case, prosecution or proceeding, the party accused may, if he so elects when called upon to plead, be tried by the court instead of by the jury . . . ."

defendant to elect a trial by court instead of by jury, it does not follow that every deviation from the specific requirements of either the statute or the rule or both mandates a conclusion of reversible error. See *People* v. *Ellis,* 59 Ill. 2d 255, 320 N.E.2d 15 (1974); *Trotter* v. *State,* 218 Kan. 266, 543 P.2d 1023 (1975). We are very much aware that the constitutional rights of a criminal defendant in taking either a guilty or a nolo plea must be scrupulously protected. See, e.g., *Boykin* v. *Alabama,*[7] supra; *McCarthy* v. *United States,* 394 U.S. 459, 466–67, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *State* v. *Collins,* supra; *State* v. *Marra,* supra. We are of the opinion, however, that those constitutional rights can just as carefully be guarded without adopting a per se rule for § 2122 (now § 711) of our Practice Book. Accordingly, we hold that where there has been a substantial compliance with § 2122, such that none of the defendant's constitutionally protected rights has been infringed upon, the failure to comply with each and every requirement of § 2122 does not automatically require the vacating of the defendant's plea.[8]

The defendant next contends that even if this court should not adopt a per se rule, his constitu-

---

[7] *Boykin* observed that "[s]everal federal constitutional rights are involved ˙ in a waiver . . . when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reasons of the Fourteenth Amendment. . . . Second, is the right to trial by jury. . . . Third, is the right to confront one's accusers." *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

[8] Practice Book, 1963, § 2132 (now § 721), in fact, uses a "substantial compliance" standard as a basis for allowing the defendant to withdraw his guilty plea. That section allows the defendant to withdraw his plea if "[t]he plea was accepted without substantial compliance with § 2122 [now § 711]."

tional rights have still been infringed upon because he was not advised of his right to a court trial. Stated in terms of the above formulation, he alleges that, even following a substantial compliance rule, there has not been substantial compliance with § 2122 to ensure that his plea was made voluntarily and intelligently.

With regard to this claim, we first note that at the time the defendant elected to plead nolo, he was clearly advised of all of those rights enumerated in § 2122, with the exception of his right to a court trial.

Secondly, there is no question that the defendant had been informed at the time of his pleas of not guilty to the original information–which charged the same two crimes as the substitute information, and to one count of which he pleaded nolo contendere–of his right to a trial by court or jury. At that time he elected a trial by jury on both counts. On December 12, 1978, the defendant himself withdrew that prior election. He did so for the purpose of entering a written nolo contendere plea which he and his attorney had signed. It is clear from the transcript of the proceedings that the state and the defense had discussed the matter of entering a nolo plea earlier. Defense counsel concurred in the court's observation that there would be no recommendation by the state "with respect to this matter" and said that the "only representation made to the defendant" was that "there would be other action taken [with respect to] the second count (the assault count)." The defendant stated that he had discussed his change of plea with his attorney and that he was satisfied with his attorney's advice. He makes no claim of ineffective

assistance of counsel, and he said at least *twice* that by entering a nolo plea he understood that the court had "no alternative but to enter a finding of guilty" on that plea.

Finally, we note that although General Statutes § 54-82 provides that a criminal defendant, when called upon to plead, may elect to be tried by the court instead of by jury, this election is not a right guaranteed by our federal constitution.[9] *Singer* v. *United States,* 380 U.S. 24, 34, 85 S. Ct. 783, 13 L. Ed. 2d 630 (1965); see *United States* v. *Joyce,* 499 F.2d 9, 21 (7th Cir.), cert. denied, 419 U.S. 1031, 95 S. Ct. 512, 42 L. Ed. 2d 306 (1974); *Thwing* v. *South Dakota,* 470 F.2d 351, 353 (8th Cir. 1972), cert. denied, 411 U.S. 937, 93 S. Ct. 1917, 36 L. Ed. 2d 399 (1973). While the Connecticut constitution provides in article 1, § 8 that ". . . the accused shall have a right . . . in all prosecutions by indictment or information to a speedy, public trial by an impartial jury . . ." it does not guarantee a criminal defendant a right to a nonjury trial.

Thus, we conclude that there has been substantial compliance with § 2122 such that the defendant's constitutional rights were not violated when the court failed to advise the defendant, at the time of accepting his plea, that he had a right to a court trial.

We take up now the defendant's claim that his plea must be vacated because it was not made voluntarily, intelligently and/or knowingly because it

---

[9] While a federal criminal defendant has no right to a nonjury trial, rule 23 (a) of the Federal Rules of Criminal Procedure provides: "Trial by jury. Cases required to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

lacked a factual basis. In considering this issue, we examine whether a factual basis must be established for a valid plea of nolo contendere.[10]

Under both federal and Connecticut rules of criminal procedure, a factual basis must be established before a court can accept a guilty plea. See Fed. R. Crim. Proc., rule 11(f); Practice Book, 1978, § 713. Under federal criminal procedure, the trial court need not establish a factual basis for a nolo plea. See Fed. R. Crim. Proc., rule 11; *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *United States* v. *Prince,* 533 F.2d 205 (5th Cir. 1976); *United States* v. *Wolfson,* 52 F.R.D. 170 (D. Del. 1971), aff'd, 474 F.2d 1340 (3d Cir. 1973); see also 1 Wright, Federal Practice & Procedure § 177, pp. 384, 390–91 (1969). Under our rules of practice, it is unclear whether a factual basis is required to accept a nolo plea.

Taken in isolation, § 2124 (now § 713) does not require a factual basis for the acceptance of a nolo contendere plea. That section reads in full: "The judicial authority shall not accept *a plea of guilty* unless he is satisfied that there is a factual basis for the plea." (Emphasis added.) When, however, that section is read in conjunction with other sections of that chapter, it appears that a factual basis may be required for nolo contendere plea.[11]

---

[10] For extensive discussions of the plea of nolo contendere see annot., 89 A.L.R.2d 540 and Later Case Service p. 185; annot., 152 A.L.R. 253; Lenvin and Meyers, "Nolo Contendere: Its Nature and Implications." 51 Yale L.J. 1255 (1942).

[11] In providing that a defendant may "withdraw his plea of guilty or nolo contendere," Practice Book, 1963, § 2131 (now § 720) recites that his plea may be withdrawn "upon proof of one of the grounds in § 2132 [now § 721]." One of the grounds listed in § 2132 is that "[t]here was no factual basis for the plea . . . ." Practice Book,

In *North Carolina* v. *Alford,* supra, Justice White succinctly pointed out the distinction between a guilty plea and a nolo contendere plea, and why a factual basis may not be desirable for the acceptance of the latter. In his majority opinion, he explained that: "Throughout its history . . . the plea of *nolo contendere* has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency. Fed. Rule Crim. Proc. 11 preserves this distinction in its requirement that a court cannot accept a guilty plea 'unless it is satisfied that there is a factual basis for the plea'; there is no similar requirement for pleas of *nolo contendere,* since it was thought desirable to permit defendants to plea *nolo* without making any inquiry into their actual guilt . . . ." *North Carolina* v. *Alford,* supra, 35–36 n.8.[12]

We agree with the distinction made by Justice White in *Alford* and by the federal rules, and hold that although our own rules may be unclear, a factual basis is not required to be established to accept a nolo contendere plea. Thus, we need not reach

---

1963, § 2132(5). Section 2128 (now § 717) requires that "[a] verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere." Section 2128 continues: "This record shall include . . . the inquiry into the factual basis for the plea."

[12] The Notes of the Advisory Committee on the 1966 amendment to the Federal Rules of Criminal Procedure state that: "For a variety of reasons it is desirable in some cases to permit entry of judgment upon a plea of nolo contendere without inquiry into the factual basis for the plea. [The factual basis requirement] . . . is not, therefore, made applicable to pleas of nolo contendere." 18 U.S.C.A. Fed. R. Crim. Proc., rule 11, Notes of the Advisory Committee on the Rules, 1966 amendment.

the question whether a factual basis has been established.[13]

There is no error.

In this opinion the other judges concurred.

[13] Although we conclude that our rules do not require that a factual basis be established for a plea of nolo contendere, we emphasize that this in no way lessens the importance of requiring that the record affirmatively disclose that the nolo plea was entered voluntarily, knowingly and intelligently. By pleading guilty or nolo contendere to criminal charges, a defendant waives several federal constitutional rights and consents to the judgment of the court. *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *McCarthy* v. *United States,* 394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *State* v. *Battle,* 170 Conn. 469, 473, 365 A.2d 1100 (1976). While a defendant who is permitted to plead nolo contendere does not expressly admit his guilt in doing so; see *North Carolina* v. *Alford,* 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *Tempo Trucking & Transfer Corporation* v. *Dickson,* 405 F. Sup. 506, 516 (E.D.N.Y. 1975); the defendant effectively consents to being punished as if he were guilty. *North Carolina* v. *Alford,* supra, 35–36 n.8. Accordingly, because "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences"; *Brady* v. *United States,* 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); it is required that the record affirmatively disclose that a plea of nolo contendere was voluntarily, intelligently and knowingly made. See *Brady* v. *United States,* supra, 747; *Boykin* v. *Alabama,* supra, 242; *In re McMorrow,* 133 Vt. 472, 475, 346 A.2d 218 (1975) (plea of nolo contendere).

Secondly, although our rules do not require that a factual basis be established before accepting a nolo contendere plea, this does not prohibit the trial court judge, in his discretion, from insisting upon the establishment of a factual basis before accepting a nolo plea. In this regard, we agree with the position taken by the First Circuit in *United States* v. *Cepeda Penes,* 577 F.2d 754 (1st Cir. 1978), where that court found no error in the trial court's insistence upon the establishment of a factual basis before it accepted a plea of nolo. That court stated: "While it may be desirable, in some cases, for a judge to permit a defendant to plead *nolo* without requiring a factual basis, see *North Carolina* v. *Alford,* 400 U.S. 25, 35–36 n.8, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), Rule 11 does not *prohibit* a judge from exercising his discretion in determining *whether* to accept such a plea and imposing conditions on its acceptance, subject to review only for abuse of discretion." (Citations omitted.) *United States* v. *Cepeda Penes,* supra, 756.