STATE OF CONNECTICUT *v.* LEAMOND SUGGS
(12174)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued May 1—decision released August 7, 1984

*Clarence E. Sawyer, Jr.,* special public defender, for the appellant (defendant).

*Julia D. Dewey,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, *Michael Dearington,* chief assistant state's attorney, and *Jill Fisch,* legal intern, for the appellee (state).

SPEZIALE, C. J. The defendant, Leamond Suggs, pleaded guilty to a charge of felony murder in violation of General Statutes § 53a-54c. On appeal from the judgment rendered, the defendant claims that the trial court did not fully advise him of the constitutional rights he was waiving before it accepted his plea of guilty. We find no error.

The factual basis for the defendant's guilty plea is not in dispute. On December 10, 1981, the defendant and Leslie Bailey entered a market in New Haven. Each was armed with a handgun. After emptying the cash register and a cash box, one of the men shot and killed one of the market's owners. Both men then fled. Subsequently, Leslie Bailey was apprehended and implicated the defendant as the person who had fired the fatal shot.

The defendant entered a not guilty plea on March 1, 1982, to the felony murder charge. On October 4, 1982, the defendant withdrew his not guilty plea and

entered a guilty plea under the *Alford* doctrine. See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Before accepting the guilty plea, the trial court canvassed the defendant in accordance with Practice Book § 711.[1] The trial court determined that the defendant understood the *Alford* doctrine, the felony murder charge, and the maximum sentence the trial court could impose. It also inquired into the defendant's educational background and asked whether the defendant was satisfied with his relationship with his attorney. The trial court then advised the defendant that he was waiving certain constitutional rights including the right to trial by court or jury, the right to "face" his accusers in the courtroom, and the right against self-incrimination.[2]

---

[1] Practice Book § 711 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

[2] "The court: Do you understand by entering a plea of guilty under the Alford Doctrine at this time that you are waiving certain Constitutional rights that you have?

"The defendant: Yes, I do.

"The court: You realize that you're waiving your right to a trial by Court or Jury?

"The defendant: Yes.

"The court: You also understand that you're waiving your right to face your accuser here in the courtroom?

"The defendant: Yes.

"The court: And do you understand by entering a plea of guilty you're waiving your right against self incrimination?

After a recitation of the factual basis for the guilty plea by the assistant state's attorney, the trial court accepted the defendant's guilty plea. On January 25, 1983, the defendant moved to withdraw his guilty plea. The trial court denied the motion and sentenced the defendant to a term of imprisonment of thirty years.

The defendant claims on appeal that his guilty plea must be vacated due to the trial court's failure to advise him that he had the right: to confront and cross-examine witnesses against him, to plead not guilty or to persist in a not guilty plea if one has been made, and to have the assistance of counsel at a trial. See Practice Book § 711. We find that there has been substantial compliance with Practice Book § 711 and that the defendant knowingly and voluntarily waived his constitutional rights.

" 'In order for a plea of guilty to be constitutionally valid, the record must affirmatively disclose that the defendant entered the plea voluntarily and intelligently. *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 [1969]; *Blue* v. *Robinson,* 173 Conn. 360, 373, 377 A.2d 1108 [1977]; *Consiglio* v. *Warden,* 160 Conn. 151, 162, 276 A.2d 773 [1970].' *State* v. *Marra,* 174 Conn. 338, 340, 387 A.2d 550 (1978); see *State* v. *Collins,* 176 Conn. 7, 9, 404 A.2d 871 (1978)." *State* v. *Godek,* 182 Conn. 353, 356–57, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981). Practice Book § 711 was promulgated to ensure that such guilty pleas are made voluntarily and with full knowledge of the waiver of constitutional rights. *State* v. *Godek,* supra. Not every

"The defendant: Yes.
"The court: You knew that?
"The defendant: Yes.
"The court: Those are Constitutional rights that you have, and you've agreed to waive them for this plea of guilty to the charge of felony murder?
"The defendant: Yes, I have."

deviation from the specific requirements of a Practice Book rule necessitates reversal. "[W]here there has been a substantial compliance with [§ 711], such that none of the defendant's constitutionally protected rights has been infringed upon, the failure to comply with each and every requirement of [§ 711] does not automatically require the vacating of the defendant's plea." *State* v. *Godek,* supra, 360.

In *Boykin* v. *Alabama,* supra, three federal constitutional rights waived by a plea of guilty were identified: "First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reasons of the Fourteenth [Amendment]. . . . Second, is the right to trial by jury. . . . Third, is the right to confront one's accusers."[3] Id., 243.

The record in this case indicates that none of the defendant's constitutionally protected rights has been infringed upon. The defendant argues that the trial court's questions of the defendant whether he was waiving his "right to face your accuser here in the courtroom" were insufficient to advise the defendant of his right to confront and cross-examine witnesses. We disagree. The commonly understood meaning of

---

[3] These rights are also guaranteed by the Connecticut constitution, article first, § 8 as amended by amendment XVII: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel; to be informed of the nature and cause of the accusation; to be confronted by the witnesses against him; to have compulsory process to obtain witnesses in his behalf; to be released on bail upon sufficient security, except in capital offenses, where the proof is evident or the presumption great; and in all prosecutions by information, to a speedy, public trial by an impartial jury. No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law, nor shall excessive bail be required nor excessive fines imposed. No person shall be held to answer for any crime, punishable by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law, except in the armed forces, or in the militia when in actual service in time of war or public danger."

the word confront is "to face." Indeed, a defendant unsophisticated in the law might be better informed of the right to confront witnesses by the use of the more commonly understood term "face."[4] The trial court did not err in advising the defendant that he had the right to "face" his accusers rather than "confront" his accusers.

The defendant also argues that he was not informed by the trial court of his right to counsel during trial. The record shows that the defendant had the advice and assistance of counsel throughout the plea bargaining negotiations. The trial court thoroughly inquired whether the defendant had discussed the plea with counsel and whether the defendant was satisfied with his counsel. The defendant was aware of his right to counsel. See *State* v. *Gethers*, 193 Conn. 526, 480 A.2d 435 (1984).

The defendant's final claim is that he was not informed of his right to enter, or persist in, a not guilty plea. The trial court did canvass the defendant's reasons for entering a guilty plea and the defendant explained that he believed he would be found guilty if the case went to trial. The colloquy between the trial court and the defendant clearly demonstrated the defendant's awareness that he could plead not guilty and undergo a trial.[5]

---

[4] We note that at least one jurisdiction has adopted this term in its formal rules regarding the acceptance of guilty pleas. Indiana requires trial courts to advise a defendant who is entering a guilty plea that he is waiving his right "to face the witnesses against him." Ind. Code § 35-4.1-1-3; see *Turman* v. *State*, 271 Ind. 332, 392 N.E.2d 483 (1979).

[5] "The court: Mr. Suggs, I'm going to ask you some questions concerning your plea. I want to make sure you understand what you're doing and that you're doing it voluntarily. First of all, let me ask you what is your understanding of the Alford plea?

"The defendant: That I'm not pleading—I'm not admitting to the crime, but I'm pleading guilty to it because I'd be found guilty during a trial.

"The court: In other words, what you're saying to me is you feel if this matter goes to a trial before a jury, that the case the State would intro-

The record indicates that there has been substantial compliance with Practice Book § 711 and that the defendant voluntarily and intelligently waived his constitutional rights in entering his plea of guilty.

There is no error.

In this opinion the other judges concurred.

duce against you would be so overwhelming that the chances are you probably would be found guilty?
    "The defendant: Yes.
    "The court: And on that basis you decided to enter a plea under the Alford Doctrine?
    "The defendant: Yes."