[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PURSUANT TO PRACTICE BOOK SECTION 954 ON MOTION TO WITHDRAW AS APPELLATE COUNSEL
On May 10, 1990, defendant Clifton Grimes plead guilty on a substitute information in CV4-167222 to the charge of criminal attempt at robbery, first degree in violation of Sections53a-49 (a)(2) — 53a-134 (a)(3) and in CV4-167235 plead guilty to robbery in the first degree in violation of Section 53(a)-134 and criminal attempt to sexual assault Section 53a-49/53a-70 with an agreed recommendation for sentence of 35 years execution suspended after 25 years and 5 years probation. Counsel was also to be allowed to argue for the imposition of a lesser sentence. A presentence investigation was ordered. At the time of sentencing on July 27, 1990, Judge Maxwell Heiman, who had previously canvassed the guilty pleas, imposed a sentence of twenty years on CV4-167222 and in CV4-167235 first count on robbery first degree, 15 years consecutive to 4-167222 suspended after 5 years and 5 years probation; and on the criminal attempt at sexual assault first degree, 15 years execution suspended after 5 years and 5 years probation concurrent with the sentence imposed in the first count, but consecutive to the sentence imposed in CV4-167222 for a total effective sentence of 35 years execution suspended after 25 years and 5 years probation.
Application for waiver of fees and for appointment of appellate counsel having been made, Vicki Hutchinson was appointed on November 19, 1990 as appellate counsel for defendant and she filed an appeal on December 6, 1990 within the time period extended by the court.
After reviewing the transcripts and law, counsel on January 25, 1991 filed a motion to withdraw pursuant to Connecticut Practice Book Section 95 concluding that an appeal would be wholly frivolous. Defendant was advised in open court of his right to raise, in writing, additional points in support of his appeal and was given until April 4, 1991 to do so. No writing was received from defendant.
This court concurs with appellate counsel that an appeal would be wholly frivolous and grants counsel's motion to withdraw. This court has reviewed the court transcripts from May 10, 1990 which contains the record of the defendant's pleas and advisements and inquiry by Judge Maxwell Heiman into the voluntariness thereof and transcript from July 27, 1990 of the sentencing of defendant. Relevant law was also reviewed by the court.
The primary issues raised were twofold: first whether the judicial authority erred in accepting defendant's guilty pleas and whether defendant was denied or deprived of effective assistance of counsel. In regard to the first issue, Connecticut Practice Book Section 711 provides that the judicial authority shall not accept a plea without first addressing the defendant personally and determining that he fully understands: CT Page 5718
(1) The nature of the charge to which the plea is offered;
(2) The mandatory minimum sentence, if any;
(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;
(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and
(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at the time of trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
Connecticut Practice Book Section 712 provides that the judicial authority shall not accept a plea of guilty without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the prosecuting authority and the defendant or his counsel.
A plea of guilty. . . involves the waiver of several fundamental constitutional rights and therefore must be knowingly and voluntarily entered so as not to violate due process. Boykin, v. Alabama, 395 U.S. 238, 243 (1969); State v. Godek, 182 Conn. 353
(1980). These constitutional "considerations demand the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and its consequences." State v. Childree,189 Conn. 114, 120 (1983).
The canvassing court is noted for his thoroughness and detailed plea canvass. In this instance, the transcript of the plea canvass alone was over 20 pages long. Every constitutionally required inquiry was meticulously made. Every Practice Book requirement was met. The canvas was extensive, intensive and flawless.
The transcript bears out that Judge Heiman explained fully the nature of the charges, the mandatory minimum and maximum possible sentences and the fact that a portion of the sentence was CT Page 5719 unsuspendable. (Transcript pp. 12-18, 20-21). Further, the judge fully explained the right of confrontation, right to counsel and freedom from self-incrimination (Transcript p. 18-19). Judge Heiman fully inquired as to the voluntariness of the plea and ascertained that the plea had not resulted from threats or promises other than a plea bargain (Transcript pp. 21-22; 26-28).
This court finds that any claim by defendant that his guilty plea should not have been accepted is frivolous and wholly without merit.
The other claim raised by defendant is that he was denied adequate assistance of counsel and therefore should have had his pleas withdrawn. Connecticut Practice Book Section 721 sets forth grounds for allowing defendant to withdraw his plea of guilty after acceptance. Among these grounds is that the plea resulted from the denial of effective assistance of counsel. Practice Book, Section 721(4).
Defendant in this case was represented by Public Defender Alan McWhirter at the time of entering his plea on May 10, 1990. A pre-sentence investigation was ordered and sentencing did not take place until July 27, 1990, some ten weeks later. At the time of sentencing, Mr. McWhirter noted for the record that he had had a conversation with defendant concerning the fact that there was a "matter of concern with Mr. Grimes and a member of the office which came to light in the last three weeks." Mr. McWhirter stated that he wanted to make sure before he represented defendant at sentencing that defendant did not feel that that matter would in any way affect the ability of Mr. McWhirter to represent him. The court then inquired of the defendant concerning his desire to have Mr. McWhirter continue to represent him and defendant assented. (Transcript, p. 6). At no time, from the time of taking of the plea on May 10 to the time of sentencing ten weeks later, did defendant raise any issue or claim of ineffective assistance of counsel. After a full examination of the brief and transcripts, the court agrees with appellate counsel's conclusion that there exists no valid reason for an appeal and any appeal is wholly frivolous based on the above findings.
The court grants counsel's Motion to Withdraw Appearance and refuses to appoint new counsel.
KULAWIZ, J.