[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his plea of guilty on April 9, 1998 in the Superior Court, G.A. 15 at New Britain before the Hon. Howard Scheinblum to the offense of accessory to the sale of narcotics was not constitutionally valid. He alleges that during the plea canvas, the court neglected to advise the petitioner that by pleading guilty he waived his right to confront witnesses. The petitioner has attached to his petition the transcript of the plea proceedings as attachment 1 and an affidavit of his trial attorney that he, the trial attorney, never discussed with the petitioner that he had to give up his constitutional right to confront the state's witnesses as Attachment 2.
The State claims the petitioner has failed to exhaust his remedies by filing a motion in the trial court. It is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable. State v. Childree, 189 Conn. 114, 119. It is not clear however that that option is available after sentencing without an appeal. See P.B. 39-26. Since the same record is available I will proceed on the basis of these proceedings.
"In order for a plea of guilty to be Constitutionally valid, the record must affirmatively disclose that the defendant entered CT Page 4244 the plea voluntarily and intelligently." Boykin v. Alabama,395 U.S. 238, 242.
There are three federal constitutional rights which must be waived by a plea of guilty: (1) the privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's accusers. Id. 243. The transcript of the petitioner's plea reveals that the court inquired about these three rights along with the right to trial by jury and to remain silent. "You give up your right to make the state prove you guilty beyond a reasonable doubt, you give up your right to present a defense if, in fact, you wanted to do so," to which the petitioner responded "I want to give up those rights." Attachmentto the Complaint 1. These statements of the constitutional rights to be waived for a valid guilty plea is equivalent to including "confronting one's accusers." Literal compliance with the Practice Book is not required. State v. Badgett, 200 Conn. 412,418. The court must find that there has been substantial compliance with P.B. 39-19 and that the petitioner voluntarily and intelligently waived his constitutional rights in entering his plea of guilty. State v. Suggs, 194 Conn. 223, 229.
For the above reasons the petition is denied.
Corrigan, JTR.