STATE OF CONNECTICUT *v.* ANGEL OCASIO
(SC 16049)

McDonald, C. J., and Norcott, Katz, Palmer and Sullivan, Js.

Argued March 16—officially released May 30, 2000

*Ronald G. Weller*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Carl E. Taylor*, senior assistant state's attorney, for the appellant (state).

*Neal Cone*, assistant public defender, for the appellee (defendant).

*Opinion*

PER CURIAM. The issues on this certified appeal are: (1) "Did the Appellate Court properly conclude that literal, rather than substantial, compliance is required in order for a defendant's plea of guilty to be valid under

Practice Book § 39-20?"; and (2) "If the answer to the first question is no, was there substantial compliance with Practice Book § 39-20 [in this case]?" *State* v. *Ocasio*, 247 Conn. 947, 723 A.2d 322 (1998). We answer the first question in the negative and the second question in the affirmative. Accordingly, we reverse the judgment of the Appellate Court.

The facts of this case as set forth in the opinion of the Appellate Court are as follows: "On April 12, 1995, the state filed a five count information to which the defendant [Angel Ocasio] pleaded not guilty. On May 22, 1996, the day that jury selection began, the state filed a fifteen count substitute information. On May 23, 1996, pursuant to a plea agreement, the state filed a substitute information charging the defendant with one count of conspiracy to sell narcotics in violation of [General Statutes] §§ 21a-277 (a) and 53a-48[1] and one count of violating the Corrupt Organizations and Racketeering Activity Act in violation of [General Statutes] § 53-395 (c),[2] to which the defendant entered a plea of guilty.

---

[1] General Statutes § 21a-277 (a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

General Statutes § 53a-48 provides in relevant part: "(a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy. . . ."

[2] General Statutes § 53-395 (c) provides: "It is unlawful for any person employed by, or associated with, any enterprise to knowingly conduct or

"The trial court canvassed the defendant, pursuant to Practice Book §§ 711 through 722, now §§ 39-18 through 39-28, and asked, '[I]s this plea voluntary?' to which the defendant stated, 'Yes.' Further, the trial court informed the defendant of the impact of pleading guilty[3] on his constitutional rights and then asked, 'is that what you want, sir,' to which the defendant responded, 'Yes.'

"The trial court accepted the defendant's plea of guilty and found it was 'entered knowingly, intelligently and voluntarily, with a full understanding of the offenses charged, as well as the possible consequences thereof, and after adequate and effective assistance of counsel.' " *State* v. *Ocasio*, 50 Conn. App. 748, 749–50, 718 A.2d 1018 (1998).

"On July 19, 1996, just prior to sentencing, the defendant's attorney informed the court that the defendant wanted to withdraw his guilty plea. The court refused to hear this motion until the court could obtain a copy of the transcript from the plea proceeding. The court encouraged the defendant's attorney to file a written motion to withdraw the plea. This was not done. Also on July 19, 1996, the defendant's attorney orally moved to withdraw his appearance. That motion was denied by the court. Subsequently, the defendant's attorney filed a written motion to withdraw his appearance. That motion was also denied by the court." Id., 750 n.2.

---

participate in, directly or indirectly, such enterprise through a pattern of racketeering activity or through the collection of an unlawful debt."

[3] "The relevant portion of the colloquy was as follows:

'The Court: And, again, have you had any difficulties in understanding the questions that I've asked you or in your giving the answers to those questions?

'The Defendant: No, Your Honor, everything is okay.

'The Court: And do you fully understand, Mr. Ocasio, that if I accept these guilty pleas . . . that you will not be permitted to withdraw these pleas, you'll be sentenced accordingly, and you will have given up those constitutional rights that I have already discussed with you?

'The Defendant: Yes.' " *State* v. *Ocasio*, 50 Conn. App. 748, 750 n.1, 718 A.2d 1018 (1998).

"On August 23, 1996, just prior to sentencing, the defendant made a second oral motion to withdraw his guilty plea. The defendant's attorney advised the trial court that the basis for the request to withdraw the plea was that the defendant 'was confused; he didn't realize the consequences, apparently, of the plea at the time it was entered . . . [and] he feels that the pressure was a little too great. He feels that . . . there were other matters that were also impinging his reasons for making a knowing decision at the time.' The trial court denied [the] motion, finding that the court 'has heard nothing . . . to even permit an evidentiary hearing, much less grant an oral motion.' " Id., 750–51.

The defendant appealed to the Appellate Court claiming that the trial court improperly had accepted his guilty plea because it failed to ensure that the plea was voluntary, as required by Practice Book § 39-20, formerly Practice Book § 712.[4] The Appellate Court agreed, holding that the trial court improperly had failed to inquire if the defendant's guilty plea was " 'the result of force or threats or of promises apart from a plea agreement' "; id., 756; and that that failure required reversal of the trial court's judgment. Id., 757. We granted the state's petition for certification; *State* v. *Ocasio*, supra, 247 Conn. 947; and we now reverse the judgment of the Appellate Court.

This court has held repeatedly that Practice Book § 39-19[5] requires only substantial compliance. See *State*

---

[4] For convenience, we refer in this opinion to the current numbers of Practice Book sections, rather than those in use at the time in issue. Practice Book § 39-20 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his or her counsel."

[5] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

v. *Domian*, 235 Conn. 679, 689, 668 A.2d 1333 (1996) (strict adherence to § 39-19 not constitutionally mandated); id., 688 (test is whether, in light of all circumstances, trial court's failure to comply rendered guilty plea unknowing or involuntary); *State* v. *Badgett*, 200 Conn. 412, 418, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986) (literal compliance with § 39-19 not required); *State* v. *Suggs*, 194 Conn. 223, 226–27, 478 A.2d 1008 (1984) (deviation from specific requirements of § 39-19 does not require automatic reversal); *State* v. *Godek*, 182 Conn. 353, 360, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981) (where there has been substantial compliance, failure to comply with each and every requirement of § 39-19 does not require automatic vacating of defendant's plea).

We can see no reason to apply a different standard of compliance to § 39-20. The Appellate Court reasoned that, Practice Book § 39-27 (1)[6] provides that compli-

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

[6] Practice Book § 39-27 provides: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the judicial

ance with § 39-19 need only be "substantial" for a guilty plea to be valid; *State* v. *Ocasio,* supra, 50 Conn. App. 752–53; and the substantial compliance standard is inappropriate for § 39-20, because § 39-27 (2) contains no such qualifier. Section 39-27 (2) provides simply that a guilty plea may be withdrawn if "[t]he plea was involuntary . . . ." The voluntariness of the plea, however, does not depend on the court's strict compliance with § 39-20.

As noted in Judge Shea's dissent from the Appellate Court's opinion, both § 39-19 and § 39-20 relate to the waiver of significant constitutional rights by a defendant in a criminal case. *State* v. *Ocasio,* supra, 50 Conn. App. 758 (*Shea, J.,* dissenting). We stated in *State* v. *Badgett,* supra, 200 Conn. 418, that "[a] defendant can voluntarily and understandingly waive these rights without literal compliance with the prophylactic safeguards of Practice Book [§§ 39-19 and 39-20]." The defendant argues that this statement was dictum. We need not decide whether the statement was dictum, however, because we hold in this case that only substantial, rather than literal, compliance with § 39-20 is required in order to validate a defendant's plea of guilty.

We further conclude that the test for substantial compliance is whether, in light of all of the circumstances, the trial court's literal compliance with § 39-20 would have made any difference in the trial court's determination that the plea was voluntary. See *State* v. *Domian,* supra, 235 Conn. 688 (test for substantial compliance with § 39-19 is whether accurate information would

---

authority had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

have made any difference in defendant's decision to enter guilty plea). In light of all of the circumstances of the defendant's guilty plea, we conclude that the trial court substantially complied with § 39-20. We note that the trial court thoroughly canvassed the defendant before accepting his plea and that the defendant explicitly stated that his plea was voluntary. The record contains nothing to suggest that the defendant would have responded affirmatively if the trial court had asked whether his guilty plea was the result of force or threats or promises apart from the plea agreement. He made no claim of any threats or promises, and he has not made such a claim on appeal.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.