RICHARD BLAKE *v.* COMMISSIONER OF CORRECTION
(AC 20891)

Lavery, C. J., and Spear and O'Connell, Js.

Submitted on briefs January 12—officially released March 20, 2001

*Michael J. Boyle* filed a brief for the appellant (petitioner).

*John A. Connelly*, state's attorney, *Joy K. Fausey*, deputy assistant state's attorney, and *Jack Fischer*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

O'CONNELL, J. The petitioner appeals from the judgment rendered by the habeas court denying his petition for certification to appeal to this court following the denial of his petition for a writ of habeas corpus. The petitioner had been convicted of one count of possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b). His conviction was based on his plea of guilty pursuant to the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). He sought a writ of habeas corpus on the grounds of ineffective assistance of counsel and that his *Alford* plea was not constitutionally valid because the trial court did not adequately advise him that by offering the plea he was waiving his right to confront witnesses. The habeas court denied his petition for a writ of habeas corpus and also denied his petition for certification to appeal.

"In order for a plea of guilty to be constitutionally valid, the record must affirmatively disclose that the defendant entered the plea voluntarily and intelligently." (Internal quotation marks omitted.) *State* v. *Suggs*, 194 Conn. 223, 226, 478 A.2d 1008 (1984). Practice Book § 39-19 (5) requires, inter alia, that the trial court address the defendant personally and determine that he fully understands that he has the right to confront and to cross-examine the witnesses against him.[1] Literal compliance with our rules of practice is not required. *State* v. *Badgett*, 200 Conn. 412, 418, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986). In this case, the habeas court examined the record of the petitioner's plea and concluded that

---

[1] Practice Book § 39-19 provides in relevant part: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he . . . fully understands . . . (5) . . . that he . . . has the right . . . to confront and cross-examine witnesses against him . . . ."

the trial court's canvass of that plea passed constitutional muster.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). After a thorough review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right and, further, that he has failed to sustain his burden of persuasion that the denial of certification to appeal from the denial of his habeas corpus petition was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.

In this opinion the other judges concurred.