## STATE OF CONNECTICUT *v.* KIRK A. BOULIER
## (AC 16910)

Lavery, Sullivan and Kulawiz, Js.

Argued June 1—officially released August 11, 1998

*Norman A. Pattis,* special public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Mary Reidy,* assistant state's attorney, for the appellee (state).

*Opinion*

KULAWIZ, J. The defendant, Kirk A. Boulier, appeals from the trial court's denial of his motion to correct his presentence investigation report (report). He claims that the trial court improperly denied the motion for lack of jurisdiction because judgment had entered. We affirm the denial of the defendant's motion, although the preferred procedure would be to dismiss the defendant's motion.

The defendant was charged by long form information with one count of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59, one count of kidnapping in the first degree in violation of General Statutes § 53a-92, one count of sexual assault in the first degree in violation of General Statutes § 53a-70 and three counts of risk of injury to a child in violation of General Statutes § 53-21. He pleaded nolo contendere to one count of kidnapping in the second degree in violation of General Statutes § 53a-94 and one count of risk of injury to a child in violation of § 53-21.

Prior to sentencing, the court ordered the preparation of the report prepared by the office of adult probation, as required by General Statutes § 54-91a.[1] After the report was filed and considered, on March 3, 1995, the trial court sentenced the defendant to a total effective sentence of twelve years, execution suspended after five years.[2] On September 20, 1996, eighteen months after the imposition of sentence, the defendant filed a

---

[1] General Statutes § 54-91a (a) provides in relevant part: "No defendant convicted of a crime, other than a capital felony, the punishment for which may include imprisonment for more than one year, may be sentenced, or his case otherwise disposed of, until a written report of investigation by a probation officer has been presented to and considered by the court . . . ."

[2] The trial court sentenced the defendant to a term of twelve years, suspended after five years, on the kidnapping charge and five years, to be served concurrently, on the risk of injury charge.

704

pro se motion to correct the report. The motion was denied by the trial court and this appeal followed.

The defendant claims that the trial court improperly denied his motion to correct the report for lack of jurisdiction. He claims that because the court has ongoing jurisdiction to correct illegal sentences, the trial court should be deemed to have jurisdiction to review the defendant's untimely motion to correct information contained in the report, which adversely affects his penal classification. This claim is without merit.

It is important to note that the defendant does not claim that the report contained inaccurate information, that the trial court improperly relied on information contained therein or that the sentence imposed was excessive or illegal. Instead, the defendant seeks to delete references to sexual conduct relating to the charge of sexual assault in the first degree.[3] The defendant concedes, however, that the references to sexual conduct would not be improper even if he was acquitted of the charge of sexual assault.

Even where a defendant claims that the information in a presentence report is inaccurate, the trial court does not have jurisdiction to consider a motion to correct the report after sentencing. Defense counsel is required to become familiar with the contents of the report and to bring to the attention of the judicial authority any inaccuracies. Practice Book §§ 924 and 925, now Practice Book (1998 Rev.) §§ 43-13 and 43-14. Any objection to the report must be made prior to sentencing because the trial court is required to consider the information contained in the report *prior* to sentencing. General Statutes § 54-91a.

---

[3] The only language contained in the report that relates to sexual conduct is as follows. "[I]n full view of the three minor children, the defendant dropped his pants, told the victim that before she died she was going to choke on his penis and then forced his penis into her mouth."

"The Superior Court is a constitutional court of general jurisdiction. *State* v. *Carey*, 222 Conn. 299, 305–306, 610 A.2d 1147 (1992). In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. *Cichy* v. *Kostyk*, 143 Conn. 688, 690, 125 A.2d 483 (1956). It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. *State* v. *Walzer*, 208 Conn. 420, 426–28, 545 A.2d 559 (1988); *State* v. *Nardini*, 187 Conn. 109, 123, 445 A.2d 304 (1982); *State* v. *Pallotti*, 119 Conn. 70, 74, 174 A. 74 (1934); *State* v. *Vaughan*, 71 Conn. 457, 460–61, 42 A. 640 (1899)." *State* v. *Luzietti*, 230 Conn. 427, 431–32, 646 A.2d 85 (1994).

"The jurisdiction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting the sentence unless it has been expressly authorized to act. *State* v. *Walzer*, [supra, 208 Conn. 424–25]." *State* v. *Tuszynski*, 23 Conn. App. 201, 206, 579 A.2d 1100 (1990). "The legislature has conferred on trial courts continuing jurisdiction to act on their judgments after the commencement of sentence under a limited number of circumstances. See, e.g., General Statutes §§ 53a-29 through 53a-34 (permitting the trial court to modify terms of probation after sentence is imposed); General Statutes § 52-270 (granting jurisdiction to trial court to hear a petition for a new trial after execution of original sentence has commenced); General Statutes § 53a-39 (allowing the trial court to modify sentences of less than three years provided a hearing is held and good cause shown)." *State* v. *Luzietti*, 32 Conn. App. 1, 4, 628 A.2d 8 (1993), aff'd, 230 Conn. 427, 646 A.2d 85 (1994).

The defendant cites no legislative or common-law authority that expressly authorizes the trial court to correct a presentence report after the sentence is

imposed. It is important to emphasize that the defendant is not challenging the legality of the sentence imposed because of an error in the report.

Because the trial court correctly determined that it was without jurisdiction to consider the defendant's motion, the trial court should not have denied the motion, but rather dismissed it. In the circumstances of this case, as in *State* v. *Brown*, 40 Conn. App. 483, 487–88, 671 A.2d 1316 (1996), aff'd, 242 Conn. 389, 699 A.2d 943 (1997), we discern no practical difference between a denial and a dismissal.

The denial of the defendant's motion to correct his presentence investigation report is affirmed.

In this opinion the other judges concurred.