STATE OF CONNECTICUT *v.* JOAO SOARES
(AC 18848)

Schaller, Hennessy and Daly, Js.

Argued November 30, 1999—officially released April 4, 2000

*Carlos A. Santos*, for the appellant (defendant).

*Nancy L. Chupak*, deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *David Gulick*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Joao Soares, appeals from the judgment of conviction, rendered after his guilty plea, of possession of marijuana in violation of General Statutes § 21a-277 (b). On appeal, the defendant claims that the trial court improperly denied his motion to vacate the judgment of conviction. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On February 26, 1997, the Connecticut statewide narcotics task force, in conjunction with the Waterbury police department, executed a search and seizure warrant for the defendant's place of business and his home. The officers seized twenty-one ounces of marijuana, $2160 and drug paraphernalia, including scales and rolling papers.

On September 9, 1997, the defendant entered a guilty plea to the charge of possession of a narcotic substance in violation of § 21a-277 (a).[1] The trial court, *Iannotti, J.*, subsequently conducted a plea canvass. Pursuant to

---

[1] General Statutes § 21a-277 (a) provides in relevant part: "Any person who . . . possesses with the intent to sell or dispense . . . any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance . . . shall be imprisoned . . . ."

General Statutes § 54-1j,[2] the court informed the defendant of the possible deportation consequences resulting from a guilty plea.[3] The defendant responded that he understood the implications of the guilty plea. The court accepted the plea and continued the case for sentencing.

Sentencing occurred on November 21, 1997, at which time the state filed a substitute information charging the defendant with possession of marijuana in violation of § 21a-277 (b).[4] After noting that the only difference from the original canvass would be the penalty, the court inquired as follows:

"The Court: Now, counsel, do either counsel or both counsel want me to recanvass?

"[Assistant State's Attorney]: No, Your Honor.

"[Defense Counsel]: No, Judge, we'll waive that.

"The Court: Are you satisfied with the canvass?

"[Defense Counsel]: Yes.

"[Assistant State's Attorney]: It is my understanding that the information had been amended, Your Honor. It doesn't appear—

[2] General Statutes § 54-1j (a) provides: "The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises him of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.' "

[3] "The Court: Do you understand, sir, that if you're not a citizen of the United States, these pleas could result in deportation from the United States, exclusion from the admission to the United States or the denial of the right to become a citizen of the United States?

"[The Defendant]: Yes."

[4] General Statutes § 21a-277 (b) provides in relevant part: "Any person who . . . possesses with intent to sell or dispense . . . any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marijuana . . . may . . . be fined not more than twenty-five thousand dollars or be imprisoned not more than seven years . . . ."

"The Court: The only difference will be the penalty, instead of being fifteen years and fifty thousand dollars, [it] is seven years or a twenty-five thousand dollar fine. Are you aware of that? It's a lesser penalty.

"The Defendant: Yes, sir.

"The Court: Does anybody want me to recanvass besides that?

"[Defense Counsel]: No, Judge.

"[Assistant State's Attorney]: No, Your Honor.

"The Court: So you're waiving the right to recanvass?

"[Defense Counsel]: Yes, we are, Your Honor."

The court accepted the defendant's guilty plea to the substituted charge and sentenced him. On May 4, 1998, the United States Immigration and Naturalization Service commenced removal proceedings against the defendant pursuant to § 240 of the Immigration and Nationality Act.

On September 2, 1998, the court, *Damiani, J.*, heard the defendant's motion to vacate the judgment of conviction. The defendant claimed that Judge Iannotti had failed to advise him of the deportation consequences of pleading guilty to the charge of possession of marijuana. The court denied the motion on two grounds: (1) the original canvass, containing the same factual basis, provided full compliance with § 54-1j; and (2) the waiver by counsel was impliedly agreed to by the defendant because he was present with counsel. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the defendant claims that the court improperly denied his motion to vacate the judgment of conviction of the offense of possession of marijuana because the defendant never was advised of the deportation consequences of his guilty plea pursuant to § 54-

1j. Specifically, the defendant argues that the court improperly concluded that Judge Iannotti had properly accepted the defendant's guilty plea to the charge of possession of marijuana. He claims that Judge Iannotti's acceptance was not proper because he had previously advised the defendant of the deportation consequences relative to the charge of possession of a narcotic substance and not relative to the charge of possession of marijuana.

At issue in this case is whether the trial court improperly denied the defendant's motion to vacate. This issue turns on whether the court had adequately informed the defendant of possible deportation consequences at the time he entered a plea of guilty to the amended information. Section 54-1j (c) provides: "If the court fails to advise a defendant as required in subsection (a) of this section and the defendant not later than three years after the acceptance of the plea shows that his plea and conviction may have one of the enumerated consequences, the court . . . shall vacate the judgment . . . ." The defendant argues that the court cannot accept any guilty plea without first warning the defendant of the possible deportation consequences.

We assume, without deciding, that § 54-1j requires that the court canvass a defendant regarding the deportation consequences of a guilty or nolo contendere plea each time a plea is entered. Under the facts of this case, however, we conclude that the court's reference to the previous canvass was sufficient to meet these requirements.

It is clear from the circumstances here that the court incorporated the earlier warning about deportation consequences into the recanvass at sentencing. In *State* v. *Badgett*, 200 Conn. 412, 419–20, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986), our Supreme Court concluded that the trial

court's express mention of waiver of the right to trial, combined with the defendant's prior election of a jury trial, his experience with criminal proceedings and apparent adequate representation by counsel, satisfy the constitutional requirement that a defendant be informed of the right to a jury trial. See id., 420 (holding that attorney may waive defendant's constitutional right to be informed of his right to jury trial). The defendant in this case was given a plea canvass with regard to the original charge; the adequacy of the canvass is not contested. He was told, on the occasion of the second plea, that "[t]he only difference in a recanvass will be the penalty . . . ." The record indicates that the trial court incorporated the original canvass into the recanvass, thereby incorporating the deportation instruction.

Where there is substantial compliance with a statute and no constitutionally protected rights are violated, failure to comply strictly with each requirement of the statute does not mandate that the court vacate the defendant's plea. See *State* v. *Godek*, 182 Conn. 353, 362, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981). Although the trial court did not use the specific language set forth in § 54-1j, the court did inform the defendant that a new canvass would encompass a lesser sentence with the remainder of the canvass being exactly the same. In *Godek*, the court concluded that "it does not follow that every deviation from the specific requirements of either the statute or the rule or both mandates a conclusion of reversible error." Id., 360.

Moreover, the defendant was arrested and charged with possession of marijuana in violation of § 21a-277 (b). The original information charging the defendant with possession of a narcotic substance in violation of § 21a-277 (a) contained what was deemed to be a clerical error; subsequently, the corrected information was filed. Given the defendant's knowledge that he pos-

sessed marijuana, not a narcotic substance, it was not reasonable for the defendant to assume that the deportation consequences were no longer implicated. In *Badgett*, the court found that "the slight differences between the charges in the initial information and the . . . substitute information could [not] reasonably have led the defendant to presume that his right to a jury trial would be altered." *State* v. *Badgett*, supra, 200 Conn. 419.

Furthermore, we note that the defendant impliedly waived his right to a recanvass by acceding to his counsel's express waiver. A waiver can be inferred from the absence of an objection by the defendant. See *State* v. *Patterson*, 230 Conn. 385, 396, 645 A.2d 535 (1994), on appeal after remand, 236 Conn. 561, 674 A.2d 416 (1996). Because the defendant can waive the right to the entire plea canvass, the defendant can also waive the right to a specific instruction within the canvass. See id., 393 (because defendant can waive right to equal protection against discriminatory peremptory challenges, defendant can also waive right to judicial supervision over voir dire process itself).

When the trial court asked the defendant if he was waiving the right to recanvass, counsel responded, "Yes, we are, Your Honor." The defendant did not reply. The court properly accepted the defendant's acquiescence to his counsel's waiver. "A trial court may properly rely on . . . responses of the [defendant] at the time [he] responded to the trial court's plea canvass . . . ." (Internal quotation marks omitted.) *State* v. *Casado*, 42 Conn. App. 371, 377, 680 A.2d 981, cert. denied, 239 Conn. 920, 682 A.2d 1006 (1996); see also *State* v. *Patterson*, supra, 230 Conn. 392 (waiver inferred from absence of objection by defendant); see, e.g., *State* v. *Cooper*, 38 Conn. App. 661, 670, 664 A.2d 773 (waiver of right to require state to prove each element of crime may be inferred from absence of objection by defen-

dant), cert. denied, 235 Conn. 908, 665 A.2d 903 (1995), cert. denied, 517 U.S. 1214, 116 S. Ct. 1837, 134 L. Ed. 2d 940 (1996). We conclude that, under the facts presented, the trial court's recanvass was sufficient to satisfy the requirements of § 54-1j.

The judgment is affirmed.

In this opinion the other judges concurred.