[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a final decision of the defendant, Freedom of Information Commission ("FOIC"), brought pursuant to General Statute §§ 1-206(d) and 4-183. The plaintiff, Lorraine Longmoor, claims that the FOIC incorrectly concluded that based on the facts and circumstances of this case, the Barkhamsted town clerk and the zoning enforcement officer for the town of Barkhamsted did not violate General Statutes § 1-210(a) of the Freedom of Information Act. In the present case, the town of Barkhamsted was granted permission by the court to intervene as a party defendant.
The parties are in substantial agreement as to the factual background. The plaintiff requested to inspect "Barkhamsted ordinances and regulations in effect during the years 1967 to 1969 regarding road construction and subdivisions as well as records related to the development of a specific subdivision in town." (Return of Record ("ROR"), p. 72.) The agents for the town of Barkhamsted made a thorough and diligent search for the records but were unable to locate them. (ROR, p. 73.) Two relevant officials of Barkhamsted testified and the FOIC concluded that "Barkhamsted neither maintain nor keep on file the CT Page 7394 records" requested. (ROR, p. 73.) In addition, the record amply supports the efforts Barkhamsted made in searching for the requested records (ROR, pp. 28, 29, 31, 40, 49, 51, 52, 58.) In fact the plaintiff testified at the agency hearing held on June 16, 2000 and acknowledged that Barkhamsted made a very good effort to provide her with the documentation she requested and that she believed the records she was seeking no longer existed. (ROR, pp. 39-40.) An examination of the record clearly indicates that Barkhamsted made diligent efforts to locate the requested records but if, in fact, there were any records they no longer exist and have not existed for a long period of time. The claim asserted by the plaintiff that the records should be reconstructed is of no avail as there are no records to reconstruct.
The plaintiff alleges in her initial complaint to the FOIC dated May 24, 2000 that she requested ordinances and regulations in effect during the years 1967 to 1969 regarding road construction and subdivisions as well as any records in the development of a specific subdivision which is recorded and filed by map titled Fifth Revision of a subdivision of land from Marshall Case to Burton Carroll. (ROR, p. 4.) She made no claim for relief. Again, in her notices of appeal dated September 13, 2000 and November 15, 2000, she charges that Barkhamsted is required to maintain and keep records and that it cannot produce same. Again, there is no claim for relief other than to find that Barkhamsted failed to keep records. There is no claim or suggestion that Barkhamsted has acted other than in good faith. The gravamen of the plaintiff's complaint both before FOIC and this court is unknown and can only be surmised by conjecture.
The court reviews the issues raised by the plaintiff in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act ("UAPA"). Dolgner v. Alander, 237 Conn. 272,280 (1996). "[The court] must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. . . . Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light ofthe evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . [I]t is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." (Citations omitted; emphasis in original; internal quotation marks omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 164-65 (1993).
Our Supreme Court has long held and recently affirmed that the doctrine CT Page 7395 of justiciability requires "that the determination of the controversy will result in practical relief to the complainant." Pamela B. v. Ment,244 Conn. 296, 311 (1998); State v. Nardini, 187 Conn. 109, 111-12
(1982). An issue is moot when the court can not longer grant any practical relief. Twichell v. Guile, 53 Conn. App. 42, 52 (1999); KevinS. v. Dept. of Children Families, 49 Conn. App. 706, 709-10 (1998). Even if this court were will to give retroactive effect to General Statutes §§ 1-200 to 1-241 that were adopted in 1975 or find that FOIC had jurisdiction to enforce Public Acts 1957, No. 57-468 or Public Acts 1967, No. 67-723 both of which was repealed in 1975 as a result of passage of General Statutes §§ 1-200 to 1-241, this court is not to make judicial opinions merely to make points of law. Waterbury Hospitalv. Connecticut Health Care Associates, 186 Conn. 247, 249-50 (1982);Harkins v. Driscoll, 165 Conn. 407, 409 (1973).
The court has carefully considered the entire administrative record, the briefs and arguments of the parties. The court concludes that there is substantial evidence in the record to support the FOIC's determination that a diligent search for the records had been made by Barkhamsted and that if the requested records did exist they no longer exist.
The appeal is dismissed.
OWENS, J.