[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON DISMISSAL OF DEFENDANT'S MOTION TO REOPEN JUDGMENT AND WITHDRAW PLEA
 FACTS
The defendant was arrested on October 21, 1999 and charged, inter alia, with one count of operating under the influence in violation of General Statutes § 14-227a. He was arrested again on April 3, 2000 and charged, inter alia, with one count of operating under the influence. He was first canvassed and then sentenced on that date by the court, Sylvester, J., on both counts, to a total effective sentence of:
1) Fine of one thousand dollars, remitted;
 2) Six month sentence, suspended after serving 30 days (4 days mandatory minimum);
3) Eighteen months probation with special conditions:
 a) That the defendant not operate a motor vehicle until his right to operate was restored by the motor vehicle department; and
 b) Alcohol abuse testing, evaluation and treatment. April 19, 2000 transcript (hereinafter "Transcript") pp. 7-10.
The defendant has now moved to reopen the judgment and to withdraw his guilty plea.
The defendant pled guilty, was canvassed by the court and was sentenced on April 19, 2000. He has already served the entire period of incarceration imposed by the court. Now the defendant moves to reopen the judgment and withdraw his pleas of guilty after imposition of sentence and even after having served the incarceration portion of the sentence. CT Page 10958
Practice Book § 39-26 et seq. provides for the circumstances under which a defendant is allowed to withdraw his plea and the effect of withdrawal. Under the rule, there are three stages at which a defendant may move to withdraw a plea. At each stage, the request is treated differently depending on when the request to withdraw was made. (1) A defendant may withdraw his plea, as of right, until the plea has been accepted. (2) After the plea has been accepted, withdrawal is only allowed upon proof of one of the grounds stated in Practice Book §39-27. The rule further provides, (3) "A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed." Practice Book § 39-26. Therefore, under Practice Book § 39-26, the defendant's motion to reopen the judgment and withdraw his plea is untimely.
In State v. Kiss, 3 Conn. App. 400, 488 A.2d 845 (1985), the defendant moved to withdraw a plea one week after the imposition of sentence. Withdrawal was deemed untimely in that it was sought after the imposition of sentence. In State v. Martin, 197 Conn. 17, 495 A.2d 1028 (1985), a defendant moved, two weeks after sentencing, to withdraw his guilty plea on the basis that the state failed to disclose exculpatory evidence. Withdrawal was not allowed under the Practice Book rule as the request was made after sentencing.
Similarly, in State v. Luzietti, 230 Conn. 427, 646 A.2d 85 (1995), the court held that it was error for the trial court to consider the defendant's motion for a judgment of acquittal made six weeks after he began serving his sentence. "[O]nce judgment has been rendered and the defendant has begun serving the sentence imposed, the trial court lacks jurisdiction to modify its judgment in the absence of a legislative or constitutional grant of continuing jurisdiction." Id., 431. "[T]he court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving his sentence." Id., 432. "The jurisdiction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting the sentence unless it has been expressly authorized to act." State v. Boulier, 49 Conn. App. 702, 705, 716 A.2d 134 (1998).
There are only two exceptions to this rule. The first is where the legislature grants a defendant the right to withdraw his plea after the time of sentence. See; e.g., General Statutes § 54-1j; State v.Webb, 62 Conn. App. 805, ___ A.2d ___ (2001); State v. Soares,57 Conn. App. 149, 748 A.2d 331 (2000). There is no legislative grant of authority in this case.[1] The second exception is where the defendant raises a clear constitutional violation that also satisfied the requirements of State v. Golding, 213 Conn. 233, 567 A.2d 823 (1989).[2]
CT Page 10959 See State v. Lupo, 61 Conn. App. 855, 860-61, ___ A.2d ___ (2001). No clear constitutional violation satisfying the dictates of Golding, supra, is present in this case.
As the court has no jurisdiction to even consider the merits of this motion, the motion is dismissed, rather than just denied. See State v.Boulier, supra, 49 Conn. App. 706.
Sylvester, J.