[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
PROCEDURAL HISTORY
The defendant was arrested on July 10, 1997 and charged, with one count of criminal possession of a firearm in violation of General Statutes § 53a-217c. The defendant was subsequently tried and found guilty by a jury on October 25, 1999. The defendant was sentenced on December 7, 1999 to a sentence of five (5) years suspended after forty (40) months and five (5) years probation.
The defendant appealed his conviction and the conviction was reversed and the matter remanded for a new trial.
The defendant, on October 9, 2002, entered a plea to criminal possession of a firearm in violation of General Statutes § 53a-217c. He was canvassed and then sentenced by this court to time served and released. The defendant has now moved to withdraw his guilty plea, to reopen this criminal matter, and has filed an additional motion "Opposing the Prosecution Second Part of Information to Enhance the Defendant's Penalty as malicious, Vindictive and Selective prosecution. "
 DISCUSSION
The defendant pleaded guilty, was canvassed by the court and was released based on time served on October 9, 2002. He has already served the entire period of incarceration (time served) as indicated by the court.
Practice Book § 39-26 provides in relevant part:
 A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed.
CT Page 1709
There are only two exceptions to this rule. The first is where the legislature grants a defendant the right to withdraw his plea after the time of sentence. See; e.g., General Statutes § 54-1j; State v.Webb, 62 Conn. App. 805, 772 A.2d 690 (2001); State v. Soares,57 Conn. App. 149, 748 A.2d 331 (2000). The second exception is where the defendant raises a clear constitutional violation that also satisfies the requirements of State v. Golding, 213 Conn. 233, 567 A.2d 823 (1989). SeeState v. Lugo, 61 Conn. App. 855, 860-61, 767 A.2d 1250 (2001). The defendant's arguments do not implicate either exception, and thus, this court finds that the defendant's motion to reopen the judgment and withdraw his plea is untimely.
Courts faced with similar circumstances have come to the same conclusion. In State v. Kiss, 3 Conn. App. 400, 488 A.2d 845 (1985), the defendant moved to withdraw a plea one week after the imposition of sentence. Withdrawal was deemed untimely in that it was sought after the imposition of sentence. In State v. Martin, 197 Conn. 17, 495 A.2d 1028
(1985), a defendant moved, two weeks after sentencing, to withdraw his guilty plea on the basis that the state failed to disclose exculpatory evidence. Withdrawal was not allowed under the Practice Book rule as the request was made after sentencing.
Similarly, in State v. Luzietti, 230 Conn. 427, 646 A.2d 85 (1995), the court held that it was error for the trial court to consider the defendant's motion for a judgment of acquittal made six weeks after he began serving his sentence. "[O]nce judgment has been rendered and the defendant has begun serving the sentence imposed, the trial court lacks jurisdiction to modify its judgment in the absence of a legislative or constitutional grant of continuing jurisdiction." Id., 431. "[T]he court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving his sentence." Id., 432. "The jurisdiction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting the sentence unless it has been expressly authorized to act." State v. Boulier, 49 Conn. App. 702, 705, 716 A.2d 134 (1998).
 CONCLUSION
The court finds that it is without jurisdiction to consider the merits of these motions, the motions are therefore dismissed. SeeState v. Boulier, supra, 49 Conn. App. 706.
The Court
By Cremins, J. CT Page 1710
[EDITORS' NOTE: This page is blank.] CT Page 1711