# STATE OF CONNECTICUT *v.* CODLYN B. DALEY
## (AC 23567)

Foti, Schaller and McLachlan, Js.

Argued December 4, 2003—officially released February 24, 2004

*Matthew Costello*, for the appellant (defendant).

*Ronald G. Weller*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's

attorney, and *Cynthia Baer*, supervisory assistant
state's attorney, for the appellee (state).

*Opinion*

McLACHLAN, J. The defendant, Codlyn B. Daley,
appeals from the judgment of conviction, rendered by
the trial court subsequent to his plea of nolo contendere,
of one count of larceny in the second degree in violation
of General Statutes § 53a-123.[1] The defendant's sole
claim on appeal is that the court improperly denied his
postsentence motion to withdraw his plea. Specifically,
the defendant claims that the court's plea canvass was
defective in that it failed to apprise him of the elements
of the crime of larceny in the second degree and that
the plea, therefore, was not entered knowingly and vol-
untarily as required by (1) the due process clause of
the fourteenth amendment to the United States consti-
tution, and (2) Practice Book §§ 39-19 and 39-20. We
affirm the judgment of the trial court.

On February 27, 1999, the defendant, in his capacity
as a custodian for the city of East Hartford, submitted
falsified time cards indicating that he had worked simul-
taneously at two different locations. It subsequently
was discovered that, as a result of those falsified time
cards, the city overpaid the defendant by approximately
$125. On May 18, 2000, the defendant was arrested and
arraigned on the charge of larceny in the second degree.

On January 3, 2001, the defendant entered a plea of
*nolo contendere* to the charge. The court thereupon
imposed the agreed on sentence of one year, execution
suspended, and one year conditional discharge. There-
after, the court conducted a plea canvass in which it
questioned the defendant as to the voluntariness of his

___

[1] The defendant also pleaded nolo contendere to and was convicted of
making a false statement in the second degree in violation of General Statutes
§ 53a-157b, but he makes no claim on appeal with respect thereto.

plea and apprised him of his constitutional rights, which he acknowledged he was waiving.[2] At no point during the plea canvass or contemporaneous proceedings did the defendant claim that his plea was not voluntary or that the canvass was in any way deficient.

[2] The following colloquy occurred:

"The Court: Now, the [charge of larceny in the second degree] is because it's a municipality?

"[The Prosecutor]: That is correct.

"[Defense Counsel]: Correct.

"The Court: All right. So, that's a felony, sir, and the false statement is a misdemeanor, which is a lot better than a perjury charge. I'm making a finding of guilty based on the facts that I heard. Even though you didn't admit guilt, you understand I'm making a finding of guilty. Nolo contendere means you don't contest it. However, you do want the intended disposition that Judge Simon worked out. Is that correct, sir?

"[The Defendant]: Right.

"The Court: And you're satisfied with your lawyer?

"[The Defendant]: Correct.

"The Court: And you've discussed your pleas with him, and nobody forced you or intimidated you into pleading nolo?

"[The Defendant]: Correct.

"The Court: Did you have alcohol or drugs today?

"[The Defendant]: No.

"The Court: All right. And you gave up your right to trial, confronting your accusers, contesting the state's case, cross-examining witnesses, and the state doesn't have to prove you guilty beyond a reasonable doubt at trial. Is that correct?

"[The Defendant]: Right.

"The Court: Now, the last thing is, because the [charge of larceny in the second degree] is a ten year felony, I believe, yeah, larceny [in the third degree] is a five year felony. So, that would require a presentence investigation unless you want to get sentenced today and you waive the presentence investigation, which I assume you do. Is that correct?

"[Defense Counsel]: We'll waive it, Your Honor.

"[The Prosecutor]: The state would concur.

"The Court: Okay. Do you want to add anything?

"[Defense Counsel]: Your Honor, I think I've stated all of my concerns to the court and the prosecutor's office with regard to what my personal feelings are about the appropriateness of this case, although technically legal, even ending up before this court. So, I won't go any further.

"The Court: Well, it's such a small amount that he ended up with a very small profit. As they say, if you're going to steal, you ought to steal a lot more than that. But it still involves a municipality, and Judge Simon obviously saw something and recommended the conditional discharge. So, in each of those charges, one year suspended, one year conditional discharge concurrent. No costs. And besides behaving, you will also make instant restitution in the amount of $125 . . . ."

On September 19, 2001, more than eight months after sentencing, the defendant filed a motion to withdraw his plea, claiming that the plea canvass failed to comport strictly with Practice Book §§ 39-19 and 39-20, and failed to satisfy constitutional due process standards. On October 1, 2002, the court held a hearing on the motion.[3] After initially advancing several ill-defined arguments as to why the canvass was deficient, the defendant eventually distilled his argument to the claim that the court failed to apprise him of the essential elements of the crime to which he had pleaded, to wit, the element of fraud.[4] At the conclusion of oral argument, the court denied the motion, reasoning that even if the canvass itself did not expressly enumerate all of the elements of the crime charged, the record nevertheless revealed that the defendant likely was made aware of those elements by his attorney at a pretrial hearing. This appeal followed.

The defendant's sole claim on appeal is that the court improperly denied his motion to withdraw his plea.[5] We decline to review the defendant's claim.

We underscore, at the outset, that the defendant's motion to withdraw was filed more than nine months

[3] We note that even though the defendant's sentence had expired by the date of the hearing on the motion to withdraw, his appeal was not rendered moot, the defendant having demonstrated a reasonable possibility of prejudicial collateral consequences flowing from the conviction from which the court could grant practical relief. See *State* v. *McElveen*, 261 Conn. 198, 204–16, 802 A.2d 74 (2002).

[4] General Statutes § 53a-123 provides in relevant part that "[a] person is guilty of larceny in the second degree when he commits larceny, as defined in section 53a-119, and . . . (4) the property is obtained by defrauding a public community, and the value of such property is two thousand dollars or less . . . ."

[5] The defendant raised additional arguments on appeal as to why the plea canvass was deficient, but, as he effectively abandoned those arguments during oral argument on the motion to withdraw before the trial court, we will not consider them on appeal. See *State* v. *Reynolds*, 264 Conn. 1, 207, 836 A.2d 224 (2003).

after sentencing. Practice Book § 39-26 provides in relevant part: "A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed." We have accordingly recognized that because of the interest in the finality of sentencing that this provision exemplifies, the failure of a defendant to file a motion to withdraw his plea before the conclusion of sentencing proceedings ordinarily precludes review of any claimed infirmities in the acceptance of the plea. See *State* v. *Webb*, 62 Conn. App. 805, 810, 772 A.2d 690 (2001).[6]

Notwithstanding that limitation, our courts have recognized two exceptions under which an appellate court can review claimed infirmities in a plea that are raised in an untimely motion to withdraw. See id., 811. First, we have afforded review in cases when there is specific legislative authorization to withdraw a plea after the imposition of the sentence. See General Statutes § 54-1j (requiring that court inform defendant of deportation consequences of guilty plea and permitting withdrawal of plea if court fails to do so); see also *State* v. *Webb*, supra, 62 Conn. App. 811; *State* v. *Soares*, 57 Conn. App. 149, 748 A.2d 331 (2000). Second, we have afforded review when the defendant has asserted a constitutional claim that satisfies the requirements of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). See, e.g., *State* v. *Williams*, 60 Conn. App. 575, 578–79, 760 A.2d 948 (concluding that despite defendant's failure to preserve claim by filing timely motion to withdraw, claim nevertheless reviewable because it asserts violation of fundamental constitutional right), cert. denied, 255 Conn. 922, 763 A.2d 1043 (2000); *State* v. *Childree*, 189 Conn. 114, 119, 454 A.2d 1274 (1983) (same).

---

[6] But see *State* v. *Winer*, 69 Conn. App. 738, 796 A.2d 491 (affording review of untimely postsentence motion to withdraw plea without discussion of limitation imposed by Practice Book § 39-26), cert. denied, 261 Conn. 909, 806 A.2d 50 (2002).

The defendant has not asserted, nor in our scrutiny have we discovered, any legislative authorization permitting withdrawal of his plea that would bring his claim within the ambit of the first exception. His unpreserved claim can be reviewed, therefore, only if the requirements for *Golding* review are satisfied. The defendant, however, has not sought review of his unpreserved claim under *Golding*, and in accordance with our policy of engaging in such review only if it is requested, we decline to review his claim. See *State* v. *Hermann*, 38 Conn. App. 56, 65, 658 A.2d 148, cert. denied, 235 Conn. 903, 665 A.2d 904 (1995).

The judgment is affirmed.

In this opinion the other judges concurred.

