STATE OF CONNECTICUT *v.* FRANCISCO FIGUEROA
(AC 24298)

Dranginis, Flynn and Gruendel, Js.

Argued February 15—officially released May 31, 2005

*Del Atwell*, special public defender, for the appellant (defendant).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Joseph J. Harry*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Francisco Figueroa, appeals from the judgment of conviction, rendered after

his plea of guilty pursuant to the *Alford* doctrine,[1] of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) and assault of public safety personnel in violation of General Statutes § 53a-167c (a) (1). On appeal, the defendant claims that (1) the trial court improperly denied his motion to withdraw his guilty plea and (2) he was denied effective assistance of counsel. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On March 26, 2003, the defendant entered a guilty plea pursuant to *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to the charges of robbery in the first degree and assault of public safety personnel. On the same day, the court sentenced the defendant to a total effective term of ten years imprisonment, execution suspended after four years, with three years probation. On April 24, 2003, counsel for the defendant filed a motion to withdraw the defendant's guilty plea and to withdraw as counsel. The court denied the motion to withdraw the plea on April 30, 2003. This appeal followed.

The defendant first claims that the court improperly denied his motion to withdraw his guilty plea. According to the defendant, he was entitled to withdraw his guilty plea because it was neither knowingly nor intelligently given. We decline to review the defendant's first claim.

Under Practice Book § 39-26, "[a] defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed." "We have accordingly recognized that because of the interest

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Lopez*, 77 Conn. App. 67, 69 n.1, 822 A.2d 948 (2003), aff'd, 269 Conn. 799, 850 A.2d 143 (2004).

in the finality of sentencing that this provision exemplifies, the failure of a defendant to file a motion to withdraw his plea before the conclusion of sentencing proceedings ordinarily precludes review of any claimed infirmities in the acceptance of the plea." *State* v. *Daley*, 81 Conn. App. 641, 645, 841 A.2d 243, cert. denied, 269 Conn. 910, 852 A.2d 740 (2004). "Notwithstanding that limitation, our courts have recognized two exceptions under which an appellate court can review claimed infirmities in a plea that are raised in an untimely motion to withdraw. . . . First, we have afforded review in cases when there is specific legislative authorization to withdraw a plea after the imposition of the sentence. . . . Second, we have afforded review when the defendant has asserted a constitutional claim that satisfies the requirements of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989)." (Citations omitted.) *State* v. *Daley*, supra, 645.

Here, the defendant filed a motion to withdraw his guilty plea about one month after his sentencing and, thus, we will review his unpreserved claim only if it falls within one of the exceptions. The defendant has not asserted, nor have we discovered, any authority from our legislature permitting withdrawal of the defendant's plea that would bring his claim within the first exception. The defendant's unpreserved claim can be reviewed, therefore, only if the requirements of *Golding* are satisfied. The defendant, however, has not sought review of his unpreserved claim under the *Golding* doctrine and, in accordance with our policy of engaging in such review only if it is requested, we decline to review his unpreserved claim.

The defendant next claims that he was denied effective assistance of counsel. We also decline to review the defendant's claim of ineffective assistance of counsel because such a claim "is more properly pursued on a petition for [a] new trial or on a petition for a writ of

habeas corpus rather than on direct appeal." (Internal quotation marks omitted.) *State* v. *Mims*, 61 Conn. App. 406, 409, 764 A.2d 222 (well established precedent that ineffective assistance of counsel not properly pursued on direct appeal), cert. denied, 255 Conn. 944, 769 A.2d 60 (2001); see also *State* v. *Charles*, 56 Conn. App. 722, 730, 745 A.2d 842 ("the proper vehicle for a claim of ineffective assistance of counsel is a petition for habeas corpus"), cert. denied, 252 Conn. 954, 749 A.2d 1203 (2000); *State* v. *Hansen*, 39 Conn. App. 384, 396 n.10, 666 A.2d 421 (court "declined to review that portion of the defendant's claims that implicate the competency of counsel because such claims are more properly raised on habeas"), cert. denied, 235 Conn. 928, 667 A.2d 554 (1995); *State* v. *Eric T.*, 8 Conn. App. 607, 610, 513 A.2d 1273 (1986) ("a claim of ineffective assistance of counsel is more appropriately pursued by a petition for a writ of habeas corpus").

The judgment is affirmed.